IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES KENNETH KEELS, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-2227-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Kenneth Keels, Jr., appearing *pro se*, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should

be denied.

I.

On September 27, 2006, petitioner pled guilty to possession with intent to deliver a controlled

substance and was sentenced to 14 years confinement. No appeal was taken. Instead, petitioner filed

an application for state post-conviction relief. The application was denied without written order.

*Ex parte Keels*, No. 66,781-01 (Tex. Crim. App. Feb. 7, 2007). Petitioner then filed this action in

federal district court.[1]

---

[1] Petitioner also brought a federal civil rights action against the presiding state court judge alleging that he was denied a speedy trial under the Interstate Agreement on Detainers Act. That case was dismissed for lack of subject matter jurisdiction. *Keels v. Jackson*, No. 3-06-CV-1865-M, 2006 WL 3771792 at *2 (N.D. Tex. Dec. 15, 2006). To the extent petitioner sought federal habeas relief, his claims were dismissed for failure to exhaust state remedies. *Id.*

II.

In three grounds for relief, petitioner contends that: (1) his conviction was the result of evidence obtained during an illegal search; (2) he was denied a speedy trial in violation of the Interstate Agreement on Detainers Act ("IAD"), Tex. Code Crim. Proc. Ann. art. 51.14; and (3) the state did not respond when given an opportunity to cure the IAD violations. Respondent counters that all these claims were waived by petitioner's voluntary guilty plea.

A.

A voluntary guilty plea waives all non-jurisdictional defects preceding the plea. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989). This includes errors of constitutional dimension. *See United States v. Broce*, 488 U.S. 563, 573-74, 109 S.Ct. 757, 764-65, 102 L.Ed.2d 927 (1989). The only claims that survive a guilty plea are those that implicate the validity of the plea itself. *See Tollett*, 93 S.Ct. at 1608; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000).

B.

None of the claims raised by petitioner are jurisdictional in nature. Nor does petitioner challenge the validity of his guilty plea. Instead, petitioner argues that his conviction was the result of evidence obtained during an illegal search and that the state failed to comply with the IAD. Neither claim survives a voluntary guilty plea. *See United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993) (valid guilty plea waives right to challenge illegal search);[2] *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987) (same as to IAD violation).

---

[2] Petitioner's illegal search claim is also barred by the rule in *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976) (federal court may not grant habeas relief based on a Fourth Amendment violation where state has provided an opportunity for full and fair litigation of the issue).

## <u>RECOMMENDATION</u>

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 30, 2007.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE